## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE LEVAQUIN PRODUCTS LIABILITY LITIGATION | MDL No. 08-1943 (JRT) |
| _____ | _____ |
| CLIFFORD STRAKA, | Civil No. 08-5742 (JRT) |
| Plaintiff, | |
| v. | |
| JOHNSON & JOHNSON; ORTHO- MCNEIL-JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL PHARMACEUTICAL; and JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT | **ORDER** |
| Defendants. | |

Ronald S. Goldser, David M. Cialkowski, and Genevieve Zimmerman, **ZIMMERMAN REED, PLLP**, 1100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Lewis J. Saul and Kevin M. Fitzgerald, **LEWIS SAUL & ASSOCIATES**, 183 Middle Street, Suite 200, Portland, ME 04101, Edward A. Coleman, **LEWIS SAUL & ASSOCIATES**, 1540 Broadway, 26th Fl, New York, NY 10036; James A. Morris, Jr., **MORRIS LAW FIRM**, 11614 Bee Caves Road, Suite 200, Austin, TX 78738; and Robert J. Binstock, **REICH & BINSTOCK, LLP**, 4265 San Felipe, Suite 1000, Houston, TX 77027, lead counsel for plaintiff Straka.

James B. Irwin and Douglas J. Moore, **IRWIN FRITCHIE URQUHART & MOORE, LLC**, 400 Poydras Street, Suite 2700, New Orleans, LA 70130; Dana M. Lenahan, Tracy J. Van Steenburgh, Scott Smith and Jan R. McLean Bernier, **NILAN JOHNSON LEWIS, PA**, 120 South Sixth Street, Suite 400 Minneapolis, MN 55402, William V. Essig, **DRINKER BIDDLE & REATH LLP**, 191 North Wacker Drive, Suite 3700, Chicago, IL 60606, lead counsel for Defendants.

Before the Court are numerous motions in limine brought by plaintiff, Clifford Straka, and Defendants in preparation for trial.

## I.   LAW OF THE CASE

### A.   Straka's Motions

Straka filed several motions in limine (Docket No. 101)[1] that are identical to the motions filed in *Schedin v. Johnson & Johnson*, 2010 WL 4628566 (D. Minn. Nov. 8. 2010). Finding no newly discovered evidence, changes in the governing law or manifest error in the previous rulings, the Court adheres to the law of the case regarding these rulings.

### B.   Defendants' Motions

Defendants have also filed several motions in limine[2] identical to previously filed motions. Finding no newly discovered evidence, changes in the governing law or manifest error in the previous rulings, the Court adheres to the law of the case regarding these rulings.

## II.   NEW MOTIONS IN LIMINE

### A.   Straka's Motions

#### 1.   New Jersey Motions

Straka makes a series of motions presented in *Beare et al. v. Johnson & Johnson et al.*, No. L-196-10 (N.J. Super. Ct. Law. Div. July 20, 2011). (Docket No. 101.) Straka

---

[1] Specifically, the motions to include evidence of recalls of other products marketed by Defendants; to exclude any testimony referring to the actions of plaintiff's counsel; to exclude any comment or reference to arguments made in the motions in limine; and to exclude reference to tendon rupture as a rare occurrence.

[2] Specifically Defendants' motions to exclude evidence of "ghostwriting" (Docket No. 88); to compel Plaintiff to comply with the Federal Rules of Civil Procedure and Federal Rules of Evidence (Docket No. 89); to exclude evidence of foreign regulatory actions and proposed label changes (Docket No. 98); to exclude evidence of adverse event reports (Docket No. 90); and to exclude evidence of petitions to the FDA (Docket No.96).

seeks to exclude evidence that a verdict for Straka will adversely impact pharmaceutical companies' incentive or ability to develop new medications; evidence that tends to suggest in any way that an award of damages in this case will adversely affect the public's access to medications; evidence that this or any other case in the multidistrict litigation ("MDL") may have a negative impact on Defendants' stock values; evidence that this or any other case in the MDL may cause an increase in the cost of purchasing or maintaining insurance; evidence that this case or any other case in the MDL may cause an increase in the cost of medications; evidence about former or current ownership of Defendants' stock by Straka, his counsel, witnesses, or their families; evidence of settlement negotiations; evidence of Straka's insurance coverage; evidence regarding Defendants' payment or insurance in the event of a verdict for Straka; evidence of prejudgment interest; evidence regarding recovery enhancement; and evidence that an award of punitive damages might be unconstitutional.  The Court will grant each of these motions; however, if at trial a party reasonably believes evidence regarding one of these items has become an appropriate subject, counsel may argue its admission outside the presence of the jury.

Straka also seeks to preclude Defendants from offering any evidence that lawsuits or failure-to-warn laws (1) pressure drug manufacturers to add invalid or unsubstantiated warnings, (2) undercut the FDA's mission to provide valid warnings, or (3) frustrate the FDA's protective regime.  This motion will be granted as to any arguments contained in the opening statements; ruling on specific evidence, if any, will be considered during trial.

Finally, Straka moves to preclude Defendants from offering evidence that Defendants should not be exposed to multiple states' separate tort law regimes and evidence related to preemption. This motion will be granted as to any arguments contained in the opening statements; ruling on specific evidence, if any, will be considered during trial.

### 2.      Other Motions

Straka moves to preclude Defendants from arguing that FDA approval of label changes indicates approval of the tendon risk warning conveyed in those labels. (Docket No. 111.) The Court determines that the FDA's approval of label changes is relevant; however, if desired, either party may request an instruction that the FDA's actions are not conclusive or controlling.

Straka moves to exclude expert testimony of Dr. David Feigal. The Court will deny this motion, but notes that Dr. Feigal's testimony regarding Levaquin's regulatory history must be limited to the facts sufficient to provide context for the jury. Moreover, so long as Dr. Feigal's testimony regarding the FDA's intent is limited to instances in which the intent is clearly indicated in public documents, the Court finds the testimony admissible.

### B.      Defendants' Motions

Defendants seek to preclude Straka from offering Dr. Peter Layde's prior deposition and trial testimony during the current trial. (Docket No. 118.) For the reasons set forth during the hearing with respect to Straka's motion concerning Dr. Layde (Docket No. 106), this motion will be granted.

Defendants seek to exclude Expert Testimony of Dr. Cheryl Blume to the extent that it relates to preempted claims.  (Docket No. 41.)  Because the Court has held that none of Straka's claims are preempted (Order, Docket No. 185), this motion will be denied.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Omnibus Motions in Limine [Docket No. 101] are **GRANTED in part** and **DENIED in part**, as follows:

    a.      The motion is **DENIED** with respect to Plaintiff's motions to include evidence of recalls of other products marketed by Defendants; to exclude any testimony referring to the actions of plaintiff's counsel; to exclude reference to tendon rupture as a rare occurrence;

    b.      With respect to Plaintiff's motion to exclude anecdotes referring Levaquin use, the motion was **DENIED** at the hearing;

    c.      The motion is **GRANTED** in all other respects.

2.      Plaintiff's Motion in Limine to Preclude Defendants from Arguing that the FDA Approval of Label Changes Indicates Approval of Tendon Warning [Docket No. 111] is **DENIED**.

3.      Plaintiff's Motion to Exclude Expert Testimony of David Feigal [Docket No. 69] is **DENIED**.

4.      Defendants' Motion in Limine on Evidence of "Ghostwriting" [Docket No. 88] is **DENIED**.

5.      Defendants' Motion in Limine on Various Issues [Docket No. 89] is **DENIED**.

6.      Defendants' Motion in Limine to Exclude Evidence Concerning Regulatory Actions and Proposed Label Changes in Foreign Countries [Docket No. 98] is **DENIED**.

7.      Defendants' Motion in Limine to Exclude Evidence or Reference to Adverse Event Reports [Docket No. 90] is **DENIED**.

8.      Defendants' Motion in Limine to Exclude Petitions to FDA from Public Citizen and the Illinois Attorney General [Docket No. 96] is **DENIED**.

9.      Defendants' Motion in Limine to Preclude Plaintiff from using at Trial Dr. Peter Layde's Prior Deposition and Trial Testimony [Docket No. 118] is **GRANTED.**

10.     Defendants' Motion to Exclude Expert Testimony of Dr. Cheryl Blume [Docket No. 41] is **DENIED**.


DATED:  December 29, 2011                     _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                  United States District Judge